**APPLICATION FOR REDETERMINATION AND REFUND OF INHERITANCE TAXES, etc., In re: TERECK, Exr., Appellant, v. OHIO DEPARTMENT OF TAXATION, Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25188. Decided June 23, 1960.

John R. Vintilla, for appellant.

Mark McElroy, Atty. Genl., Milton D. Holmes, Arthur P. Lambros, Asst. Attys, Genl., for appellee.

(DOYLE, PJ, HUNSICKER, J, of the Ninth District, GRIFFITH, J, of the Seventh District, sitting by designation in the Eighth District.)

### OPINION

By DOYLE, PJ.

An application for a redetermination of state inheritance taxes payable on the successions to the estate of John Biris, deceased, and for a refund of the excess taxes paid upon a prior determination, was adjudicated by the Probate Court of Cuyahoga County as follows:

"The Court further finds that the total amount of the tax paid to the Treasurer of Cuyahoga County, under the original assessment of the tax, was $722.24, that the amount of the tax that should have been paid is found to be $30.96, and that therefore there is due to said estate by way of refund on the inheritance taxes, the sum of $691.28. In accordance with the decision of **In re Beckman, 91 Oh Ap 42,** the Court

finds that the County Auditor can refund one-half of this excess payment.

"It is therefore by the Court ordered that the Auditor of Cuyahoga County shall draw his warrant on the Treasurer of said County for the sum of $345.64, payable to Charles V. Tereck, Executor of the Estate of John Biris, deceased, said refund to be drawn from the Undivided Inheritance Tax Fund and charged to the City of Cleveland."

From that judgment, appeal has been taken to this Court by the executor of the estate of Biris, and the following claim of error is made: "The Probate Court committed prejudicial error in its finding that only one-half of the excess payment of the inheritance taxes in said estate can be refunded, and in rendering its order in accordance therewith."

The Ohio Department of Taxation, through the office of the Attorney General, states that the sole issue before this court may be stated as follows: "Does the Probate Court have authority to order a refund of inheritance taxes paid under a mistake of fact, which taxes have been paid into the state treasury to the credit of the general revenue fund?"

The statute provides for the distribution of collected inheritance taxes and orders fifty percent of the gross amount of taxes levied and paid credited to the general revenue fund of a city if the tax originates in a city, as appears to be the fact in the instant case, and the remainder of the tax, after deducting certain fees and costs, paid into the state treasury to the credit of the general revenue fund. **Sec. 5731.53 R. C.**

Each of the litigants agree that "a mistake of fact had been made and therefore the (Probate) Court had authority to order a refund of the tax paid to the municipality." The Ohio Department of Taxation, however, insists that, because of **Article II, Section 22, Ohio Constitution,** refunds cannot be ordered from the state treasury without specific appropriation.

The constitution provides:

"No money shall be drawn from the treasury, except in pursuance of a specific appropriation, made by law; and no appropriation shall be made for a longer period than two years."

In the case of **In re Estate of Beckman, 91 Oh Ap 42,** it is said that "By the provisions of this constitutional prohibition (**Article II, Section 22, Ohio Constitution**), the Probate Court was without authority to order the state of Ohio to refund the overpayment of inheritance tax, in the absence of specific appropriation therefor by the Legislature." The Probate Court in the case here under review followed that ruling.

In various rulings of the attorney generals over the years, may be found the general statement that, when money reaches the state treasury, the payments made into it are as much subject to the restrictive provisions of the constitution as any of the revenues of the state.

We must and do accept as a fact that no statue authorizes an appropriation of money out of the state treasury for the refund of taxes paid through mistake.

While it may well be that the constitution prohibits the tapping of the state treasury without specific legislation therefor, even for the

refund of money held therein which rightfully belongs to another, there is nothing sacrosanct about inheritance tax money in the hands of the county auditor or county treasurer which has not as yet been distributed to the state for inclusion in the state's treasury, and such funds, of course, are not governed by the aforesaid section of the constitution.

There is no vested right in the state to inheritance taxes which have been paid and await distribution to the state (State, ex rel. Ellsworth, Exr., v. Mong, Aud., 130 Oh St 483), and if a refund of money paid into the state treasury is found to be due to one who has mistakenly paid more than was due, such refund may be ordered out of any inheritance tax money owed to the state in the hands of the proper county officer.

It is the opinion of this Court that the judgment from which this appeal is taken should be modified in such a manner as to allow a refund of the entire overpayment, and that the amount of the tax paid into the state treasury should be refunded out of inheritance tax funds in the hands of the county auditor or county treasurer presently awaiting distribution to the state.

In so ruling, we find the judgment to be entered herein to be in conflict with In re Estate of Beckman, 91 Oh Ap 42, and, as a consequence thereof, an order will be made to certify the judgment to the Supreme Court of Ohio for final review.

Judgment modified, and affirmed as modified.

HUNSICKER and GRIFFITH, JJ, concur.